IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GARY PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD GARDEN et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER DENYING<br>PRELIMINARY INJUNCTION<br><br>Case No. 2:09-CV-934 DS<br><br>District Judge David Sam |

Plaintiff, inmate Gary Phillips, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2012). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (West 2012). On January 7, 2011, the Court appointed *pro bono* counsel to represent Plaintiff. Before the Court is Plaintiff's Motion for Preliminary Injunction. Based on a thorough review of the record in this case, the briefs and the relevant law, the Court denies Plaintiff's motion for the reasons set forth below.

**I. Background**

Plaintiff is an inmate at the Utah State Prison who has Hepatitis-C. Plaintiff alleges that Defendants are violating his rights under the Eighth Amendment by denying him necessary treatment for his condition. Specifically, Plaintiff asserts that the Utah Department of Corrections ("UDOC"), through its medical staff, has unlawfully denied Plaintiff a costly Hepatitis-C antiviral treatment which could reduce Plaintiff's long-term risk of developing serious and potentially fatal complications from the disease.

Prior to the appointment of counsel for Plaintiff, Defendants filed a *Martinez* Report

addressing Plaintiff's claims. Plaintiff subsequently filed an Amended Complaint through his attorney seeking an injunction requiring Defendants to provide the sought-after treatment, as well as compensatory and punitive damages. Plaintiff has since conducted substantial discovery, including deposing numerous witnesses and obtaining an opinion from an independent expert. Plaintiff now seeks a preliminary injunction requiring Defendants to begin the six-month antiviral treatment immediately so he can complete it before his anticipated release from prison in December 2012.

Defendants assert that Plaintiff is not entitled to the treatment because he does not fit within the treatment protocol guidelines developed by UDOC in conjunction with outside experts. Defendants further contend that a preliminary injunction is not warranted because Plaintiff cannot show that he has a substantial likelihood of prevailing on the merits of his underlying claims and an injunction would permanently alter the status quo.

## II. Preliminary Injunction Standard

To obtain a preliminary injunction, a moving party must establish the following four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury will result if the injunction does not issue; (3) the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) issuance of the injunction would not be adverse to the public interest. *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Where the movant seeks a mandatory injunction that would alter the status quo, he must make "a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Awad v. Ziriax*, 670 F.3d 1111, 1125-26 (10th Cir. 2012) (internal quotations omitted). Regarding the other two factors, however—irreparable injury and public interest—the

moving party need not make a "strong showing" but simply demonstrate that they "weigh in his favor." *Id*. at 1126.

### III.  Preliminary Injunction Analysis

### A.  Likelihood of Prevailing on the Merits

To prevail on the merits of his Eighth Amendment claim Plaintiff must show that Defendants were deliberately indifferent to Plaintiff's serious medical needs.  "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component is met only if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is satisfied only if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state an Eighth Amendment claim.  Moreover, a mere difference of opinion regarding the proper treatment for a medical condition is not sufficient to show deliberate indifference, and medical personnel are entitled to substantial deference in choosing a proper course of treatment.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Here, Plaintiff has not made a sufficiently strong showing that he is likely to prevail on the merits of his Eighth Amendment claim to warrant a preliminary injunction. Because the relief Plaintiff seeks here is identical to the injunctive relief sought in his Amended Complaint, and would permanently alter the status quo, Plaintiff must make a strong showing that he is likely to prevail on the merits of his claims. Regarding the objective prong of the cruel and unusual punishment standard, the Court is satisfied for purposes of this motion that Plaintiff's condition is sufficiently serious to warrant constitutional protection. However, regarding the subjective prong, Plaintiff has not made a strong showing of deliberate indifference by Defendants. Instead, Plaintiff's evidence points more towards a difference of opinion among medical experts regarding the appropriate treatment for Plaintiff's condition. This assessment is supported by the fact that Defendants have responded to Plaintiff's motion for a preliminary injunction with a summary judgment motion asserting that Plaintiff's evidence does not support a finding of deliberate indifference. While Plaintiff may yet prevail on that motion, it appears the matter is best left for summary judgment. Thus, in the absence of compelling evidence to support a finding of deliberate indifference, the Court cannot conclude that Plaintiff is sufficiently likely to prevail on his underlying claims to warrant preliminary injunctive relief.

## B.  Irreparable Injury

Plaintiff also fails to satisfy the second requirement for a preliminary injunction by showing that irreparable injury will result without it. Instead, the record shows that Plaintiff's medical condition has remained essentially unchanged for many years and is not likely to significantly deteriorate in the foreseeable future. Although Plaintiff asserts that he suffers from ongoing liver swelling and pain it is not entirely clear that these ailments are caused by his

Hepatitis-C infection or that the treatment Plaintiff seeks here would provide any immediate or even long-term relief of these symptoms.

Equally unpersuasive is Plaintiff's assertion that a preliminary injunction is necessary because he must begin the six-month treatment immediately in order to complete it before his anticipated release from prison in December 2012. While it may be true that Plaintiff cannot receive free treatment through the prison after he is released on parole, it is not clear that an appropriate damages award would fail to provide complete relief in this case. Assuming Plaintiff were to prevail on his underlying claims he could obtain an award of damages sufficient to cover the costs of treatment from an outside provider. Thus, Plaintiff has not shown that irreparable injury will occur absent a preliminary injunction.

## C.  Balance of Harms

Similarly, Plaintiff has not made a strong showing that the injury he may suffer absent a preliminary injunction outweighs the damage an injunction would cause Defendants. As previously discussed, the record here does not clearly show that a moderate delay in receiving treatment would significantly increase the injury to Plaintiff, given the slow progression of his disease. Morever, there is some evidence that treatment might cause significant negative side-effects which could outweigh any benefits to Plaintiff. On the other hand, requiring Defendants to provide the costly treatment without a finding that Plaintiff is constitutionally entitled to it would not only impose a substantial financial burden upon Defendants but would also violate the principles of deference embodied in the Supreme Court's Eighth Amendment jurisprudence. Thus, the balance of harms in this case does not strongly favor Plaintiff.

## D.  Public Interest

Finally, Plaintiff has not shown that issuance of a preliminary injunction would in the public interest.  Although Plaintiff is correct that denial of necessary medical treatment to inmates is undoubtedly contrary to the public interest, he has not shown that the treatment he seeks is necessary to prevent a constitutional violation.  Moreover, as already mentioned, requiring Defendants to provide costly treatment to Plaintiff at public expense, absent a finding that Plaintiff is constitutionally entitled to receive such treatment, would not serve the public interest.  Instead, it would place an unnecessary burden upon an already strained corrections budget and divert resources away from inmates who may need them more.  Thus, the Court finds that issuance of a preliminary injunction here would be adverse to the public interest.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. no. 89) is **DENIED**.

DATED this 7th day of June, 2012.

BY THE COURT:

_____
DAVID SAM
United States District Judge